
**FILED**
**OCTOBER 22, 2008**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| CHARLES R. WILEY, PRO SE, § <br> A.K.A. ROBERT CHARLES WILEY, § <br> TDCJ-ID #1453221, § <br> Previous TDCJ-ID #298848, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> NFN WESTON, Chief Warden, § <br> LINDA RICHEY, Region V Director, § <br> NFN DAVIS, Asst. Warden, § <br> NFN SUTTON, Disc. Capt., § <br> NFN MAYBERRY, Counsel Substitute, § <br> DIRECTOR OF TEXAS DEPT. OF § <br>     CRIM. JUSTICE, § <br> NFN MAYBRY, Lt., § <br> NFN VACIO, CO, § <br> § <br> Defendants. § | 2:08-CV-0171 |

## REPORT AND RECOMMENDATION

Plaintiff CHARLES R. WILEY, also known as ROBERT CHARLES WILEY, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis

Plaintiff alleges that, on or about March 22, 2008, after he complained that the cleaning solutions used or kept by his cellmate made him sick, he was transferred to another cell, where a second cellmate also used or kept the same cleaning solutions. Plaintiff says he was threatened by this second cellmate with a pencil in his eye if he didn't leave, so plaintiff informed defendant Lt. MAYBRY who told plaintiff to pack his belongings and that he would move him to another

wing. Plaintiff says while he was packing, he was attacked by his cellmate, who accused plaintiff of snitching. Plaintiff says he was beaten, kicked, stomped, and stabbed with an ink pen and that, although he had pushed the call button when the attack first began, no one came for fifteen minutes while he lay on the floor enduring his cellmate's blows. Plaintiff says when defendant Sgt. MILNER, and other officers arrived, plaintiff's cellmate accused plaintiff of attacking him.

Plaintiff alleges he asked defendant MILNER where he had been and why he had not answered the call button sooner, and MILNER replied "officers don't have to answer these buttons because usually they are non-emergency situations." Plaintiff says MILNER said he was in 6 Building helping with count during the attack and that he was too fat to get in a hurry for an inmate.

Plaintiff was charged with attacking or fighting with his cellmate and went to a disciplinary hearing. Plaintiff claims defendant Capt. SUTTON, the disciplinary hearings officer, was biased, stopped the tape and told plaintiff to shut up, and refused plaintiff's requested inmate witness(es) because "they did not see it."

Plaintiff also complains Capt. SUTTON ordered defendant CO VACIO to confiscate plaintiff's property and that VACIO wrongly included plaintiff's legal property in the confiscation. Plaintiff says SUTTON issued the order in retaliation for plaintiff accusing SUTTON of "white supremacy gang affiliation and boldly display's [sic] of Tribal Aryan lightning bolts right forearm." Plaintiff states, when the property was returned five days later, one legal file folder was missing. Plaintiff says he complained to defendants Warden DAVIS and WESTON about it. Plaintiff alleges the file folder contained material relating to cause no.

5:07-CV-0060, in the United States District Court for the Eastern District of Texas, *Wiley v. Civi Genics Texas Inc*. Plaintiff states he is "at a disadvantage in defending his law claims on his Amended Complaint exclusively from his memory" and that defendants have been ordered to file an Answer by October 15, 2008. Plaintiff says he cannot "research questions as a matter of law and respond on discovery issues in this time frame, effectively causing plaintiff Wiley significant deprivations of a Constitutional magnitude and actual harm . . . ." Plaintiff also claims he can't adequately respond to defendants' motion to dismiss for failure to state a claim without a copy of his amended complaint.

Plaintiff also alleges that, on September 8, 2008, his cellmate, Mason Quick, was moved "for apparently no reason except to cause WILEY a writ writer, further grief for his complaintive action . . . ." Plaintiff states the next day, his new cellmate ordered him out of the cell. Plaintiff says he called an Officer HOLLEY for assistance and HOLLEY called Sgt. FLANNIGAN, who took plaintiff's cellmate to the line building. Plaintiff says he took his legal work to the day room and worked on it there until FLANNIGAN returned and put plaintiff's cellmate back in plaintiff's cell. He told plaintiff his cellmate said he didn't have a problem with plaintiff doing his legal work in the cell, but plaintiff said he had been beaten by an earlier inmate under similar circumstances and requested to be moved to a safe cell.

Plaintiff alleges defendant FLANNIGAN began to verbally abuse him and threaten him. While FLANNIGAN was taking plaintiff to the line building, plaintiff told him he was having chest pain and couldn't breath. Plaintiff says a wheel chair was called for and he was taken to the infirmary where FLANNIGAN continued to verbally abuse plaintiff. Plaintiff says he was ultimately given a false disciplinary case for threatening defendant FLANNIGAN and suffered

the loss of over three hundred days of goodtime credits, a demotion to medium custody, and endured a campaign of harassment for filing prisoner grievance/complaints.

Plaintiff requests an award of $50,000.00 in compensatory damages for lost teeth, back injury, pain and suffering, $5,000.00 for mental anguish, and $50,000.00 in punitive damages Plaintiff also requests that his lost goodtime credits and Class I status be restored.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

**THE LAW AND ANALYSIS**

In the instant case, plaintiff has requested the return of lost goodtime credits and class status. A claim for good-time credits is foreclosed by *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), and plaintiff must seek such relief through habeas. *Wolff v. McDonnell*, 418 U.S. 538, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1973). Further, to grant the relief requested, the Court would first have to find the challenged disciplinary charges for fighting with his cellmate in March of 2008 and for threatening defendant FLANNIGAN in September of 2008 and the determinations of guilt on those cases to be invalid. In the wake of *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997), the *Heck*[3] doctrine is now applied to the prison disciplinary setting. For this reason, plaintiff's claim is not cognizable under section 1983 without a prior showing of favorable termination, that is, that the results of the disciplinary hearing have already been overturned, either on administrative appeal, through habeas, or by some other means. Plaintiff's pleading affirmatively demonstrates that his disciplinary cases have not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Consequently, plaintiff's challenges to the two disciplinary cases and the hearings connected with them lack an arguable basis in law and is frivolous until the *Heck* conditions have been met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Concerning the negligent or intentional loss or destruction of plaintiff's legal file folder, plaintiff claims it resulted in a denial of access to the courts with respect to his cause no. 5:07-

---

[3]*Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

CV-0060, *Wiley v. Civi Genics Texas Inc*., in the United States District Court for the Eastern District of Texas.

The precise constitutional right involved in plaintiff's claim is the right of adequate, effective and meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977). However, this requirement is not unlimited. A prisoner does not have a right of unconditional access to legal materials. *Campbell v. Miller*, 787 F.2d 217, 226 (7th Cir.), *cert. denied*, 479 U.S. 1019, 107 S.Ct. 673, 93 L.Ed.2d 724 (1986). Rather, the constitutional benchmark is meaningful, not unlimited, access. *Id*. Further, if an inmate is afforded meaningful access to the courts, restrictions which do not unreasonably impair that access are valid, despite delays and inconvenience. *Campbell v. Miller*, 787 F.2d 226-27. A claimant asserting denial of access to the courts must demonstrate an actual injury stemming from the defendants' unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)(without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999).

Plaintiff's own allegations make plain that he doesn't know whether the file folder was destroyed or lost and whether this occurred through negligence or by intentional conduct of prison officials. Instead, plaintiff states[4] the property sheet clearly shows that defendant VACIO was to leave behind plaintiff's legal property, hygiene items and a fan. Plaintiff does not allege defendant SUTTON ordered VACIO to act in violation of the property sheet. Instead, plaintiff states that, when he returned to his cell, he found his cell door open and all of his legal file

---

[4] See Paragraphs 28 -41 of plaintiff's October 14, 2008 Amended Complaint.

folders gone. He asked inmates in the dayroom what happened and was told defendant VACIO had not closed his cell door after removing his property, and that inmates had been going in and out looking for anything left behind. Plaintiff received his property back five days later, but the *Civi Genics* legal file folder was not in it.

The facts presented by plaintiff support a claim of negligence as easily as a claim of intentional confiscation of legal property to violate plaintiff's access to courts, as plaintiff, himself, seems to recognize. A plausible entitlement to relief exists when the allegations in the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___ n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007). Plaintiff's factual allegations are not sufficient to cross these thresholds and state a claim of interference with his access to courts.

It does not appear plaintiff has suffered actual injury stemming from the claimed unconstitutional conduct. Plaintiff complains he cannot adequately "research questions as a matter of law and respond on discovery issues in this time frame, effectively causing plaintiff Wiley significant deprivations of a Constitutional magnitude and actual harm . . . ." Plaintiff also claims he can't adequately respond to defendants' motion to dismiss for failure to state a claim without a copy of his amended complaint; however, plaintiff has not suffered any adverse ruling attributable to the missing documents and their effect on his ability to prosecute his case.

Further, plaintiff has not alleged he has filed a motion with the *Civi Genics* court informing it of the loss or destruction of his file and its critical nature the prosecution of his claims. Review of the docket does not show a motion whose titles indicates plaintiff has informed the court he cannot respond to defendant's motion to dismiss without the lost

documents. Plaintiff has known of the loss or destruction of his complaint and other documents in *Wiley v. Civi Genics Texas Inc.* since on or about March 28, 2008. The intervening six and a half months is sufficient time for him to have presented a motion unambiguously highlighting his need, requesting copies of his complaint and any other documents in the court's files, and offering to pay for such copies or presenting argument why he should be excused from such payment. Review of the *Civi Genics* docket does not reveal any motion which has a title indicating it addresses that need. If plaintiff has simply made mention of this need in some letter, exhibit, or other motion submitted to the *Civi Genics* court without plainly stating his inability to prosecute his claim without such documents, plaintiff cannot be said to have adequately brought the matter to the court's attention. Plaintiff cannot lie behind the log, lose his case, and then claim injury.

For all the reasons set forth above, plaintiff has failed to state a claim against either or both of defendants VACIO and SUTTON of denial of access to court on which relief can be granted.

Plaintiff alleges he complained to defendant Warden DAVIS and WESTON about the five-day confiscation of his property and the loss or destruction of his legal file folder. Plaintiff does not elaborate further. Plaintiff does not state any facts to support a claim against defendant RICHEY, Region V Director, or the DIRECTOR OF TEXAS DEPT. OF CRIM. JUSTICE. It appears his claims against each of these four defendants are based on their supervisory positions. The acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). Supervisory officials may be held liable only if they (1) affirmatively participate in acts that cause

constitutional deprivation, or (2) implement unconstitutional policies that causally result in plaintiff's injury. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987); *see also Grandstaff v. City of Borger*, 767 F.2d 161, 169-70 (5th Cir. 1985), *cert. denied*, 480 U.S. 916 (1987). Plaintiff does not alleged the DIRECTOR OF TEXAS DEPT. OF CRIM. JUSTICE, RICHEY, DAVIS, or WESTON had any personal involvement in the alleged wrongful acts by defendant SUTTON, VACIO, or any other defendant. Further, plaintiff has failed to identify any policies implemented by the DIRECTOR OF TEXAS DEPT. OF CRIM. JUSTICE, RICHEY, DAVIS, or WESTON which caused the alleged constitutional deprivations. Plaintiff's allegations against the DIRECTOR OF TEXAS DEPT. OF CRIM. JUSTICE, RICHEY, DAVIS and WESTON fail to rise from the "factually neutral" to the "factually suggestive" and, therefore, do not show a plausible, rather than a merely possible, entitlement to relief. *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___ n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007). Plaintiff has failed to state a claim against defendant the DIRECTOR OF TEXAS DEPT. OF CRIM. JUSTICE, defendant RICHEY, defendant DAVIS, or defendant WESTON on which relief can be granted.

Plaintiff claims defendant SUTTON ordered the confiscation of his property in retaliation for plaintiff's accusation that he was a member of a white supremacist gang. To claim retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Plaintiff has not identified the constitutional right he feels he was exercising and which triggered the claimed retaliation by SUTTON. If plaintiff is claiming retaliation for his exercise of Free Speech, he must do more than point to the existence of a generic First Amendment right; he must establish

that he exercised that right in a manner consistent with his status as a prisoner. *Freeman v. Texas Dept. Of Criminal Justice*, 369 F.3d 854 (5th Cir. 2004). Prison officials may legitimately punish inmates who verbally confront institutional authority without thereby violating the First Amendment. *Id*. Plaintiff has failed to point to a specific constitutional right that was violated and, therefore, his claim must fail. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999)(citing *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 19960).

Although plaintiff sued defendant MABRY, defendant MABRY took serious interest in plaintiff's complaint that he feared his cellmate would harm him and immediately agreed to move plaintiff. Plaintiff has alleged no fact known to defendant MAYBRY indicating plaintiff would be in danger if he returned to his cell to pack for his move. Plaintiff has utterly failed to state a claim against defendant MAYBRY on which relief can be granted.

As to defendant MILNER, plaintiff says MILNER was in 6 Building at the time of the attack and alleges no fact to show MILNER knew plaintiff was in substantial danger of serious injury and ignored that danger. At best, plaintiff's allegations against MILNER stated a claim of negligence; however, section 1983 imposes liability for deprivation of constitutionally protected rights, not for violations of tort duties of care. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986)(inmate slipped on pillow left on stairs).

Plaintiff alleges defendant FLANNIGAN engaged in verbal abuse and harassment in response to plaintiff's complaints in September 2008 that he feared his new cellmate. Plaintiff says defendants HOLLEY and CHAVEZ heard the abuse and, when plaintiff asked FLANNIGAN if he was threatening plaintiff "in front of these guards," HOLLEY and CHAVEZ

laughed and said they hadn't heard anything. It is clearly established that mere allegations of verbal abuse do not present an actionable section 1983 claim. *Bender v. Brumley*, 1 F.3d 271, 274 (5th Cir. 1993). Further, mere threatening language and gestures of a custodial officer do not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.); *cert. denied*, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983)(quoting *Coyle v. Hughs*, 436 F.Supp. 591, 593 (W.D.Okla. 1977)). Consequently, the remarks plaintiff attributes to defendant FLANNIGAN will not support a claim of violation of plaintiff's constitutional rights.

Plaintiff's claims against defendant HOLLEY and CHAVEZ, being dependent on his claim against defendant FLANNIGAN, also fail to state a claim on which relief can be granted.

As to defendant MAYBERRY, Counsel Substitute, plaintiff does not state what his claim is against this defendant; however, a counsel substitute representing an inmate in prison disciplinary proceedings does not act under color of state law for purposes of claims brought under Title 42, United States Code, section 1983. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Consequently, plaintiff is unable to show one of the two essential elements necessary to state a civil rights claim. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970)(two elements are necessary for recovery in this type of suit: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law, usually by a state official or a private individual in conspiracy with such an official). Plaintiff's claim against defendant MAYBERRY lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint by plaintiff CHARLES R. WILEY, also known as ROBERT CHARLES WILEY, pursuant to Title 42, United States Code, section 1983 be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED AND WITH PREJUDICE AS FRIVOLOUS.

It is the FURTHER RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Court decline to exercise jurisdiction over plaintiff's state law claims and that such claims be DISMISSED WITHOUT PREJUDICE.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 22nd day of October 2008.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or

transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); ***Rodriguez v. Bowen,*** 857 F.2d 275, 276-77 (5th Cir. 1988).