

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHARLES R. WILEY, PRO SE, | § | |
| A.K.A. ROBERT CHARLES WILEY, | § | |
| TDCJ-ID #1453221, | § | |
| Previous TDCJ-ID #298848, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:08-CV-0171 |
| | § | |
| NFN WESTON ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Plaintiff CHARLES R. WILEY, also known as ROBERT CHARLES WILEY, while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and was granted permission to proceed *in forma pauperis*.

On October 22, 2008, a Report and Recommendation was issued by the United States Magistrate Judge analyzing plaintiff's claims and recommending dismissal without prejudice for failure to state a claim on which relief can be granted and with prejudice as frivolous.

Plaintiff filed his Objections on November 4, 2008. By his Objections, plaintiff argues that, in the Report and Recommendation, the Court incorrectly construed his allegations against defendant MABRY. Plaintiff states that, at no time has [he] insinuated or articulated to the Court, that defendant MABRY called a move order to another wing." Review of plaintiff's complaint reveals plaintiff alleged that, after telling MABRY why he feared his cellmate and wanted a move, "MABRY told me he could make the move but first let him check the computer

and see if [plaintiff's present cellmate] was indeed in prison for murder." Plaintiff said, "**I thanked him and told him I would pack my stuff. he said he would send in the move to J-wing** [emphasis added]." Plaintiff says he then went to his cell and began to pack his belongings when his cellmate accused him of being a snitch and beat him.

In the Report and Recommendation, the Court stated MABRY told plaintiff "that he would move him to another wing." Later in the Report and Recommendation, the Court stated "defendant MABRY took serious interest in plaintiff's complaint . . . and immediately agreed to move plaintiff." Given plaintiff's allegations set forth in the preceding paragraph, the Court's summation of MABRY's actions appears to be accurate and plaintiff's complaint of error in that respect is baseless.

With respect to defendant SUTTON, plaintiff attempts to establish a personal connection between SUTTON and the alleged constitutional violation. Plaintiff says SUTTON "knew exactly what he was doing when he ordered VACIO, CO to confiscate plaintiffs [sic] legal work. As this was the only Property Plaintiff Possessed." Plaintiff alleges he was sitting in a cage at line building unawares at the time of the order and confiscation but contends defendant SUTTON "denied plaintiff this procedure [a confiscation form] by holding him in cage until property was stolen by CO VACIO per - Sutton's personal involvement." Plaintiff's argument contradicts several aspects of his allegations contained in his amended complaint.

In his complaint, plaintiff states:

> . . . the property sheet had clearly shown that she [VACIO] was to leave hygiene items a fan and my legal property. Upon returning to my cell . . . I discovered my cell door open and all of my "legal file folders" gone. I immediately started questioning people . . . and they all said CO VACIO had come and removed my property and left w/o closing the cell door and that inmates had been going in and out looking for anything left behind.

2

Plaintiff complains TDCJ policy was violated in that he wasn't allowed to sign for his legal materials being confiscated or given a reason for the confiscation. Plaintiff states his property was held five days and when it was returned "clearly shows per property inventory sheets that one legal file folder is missing . . .." The Court cannot ascertain from this allegation whether plaintiff means one legal file wasn't listed on the property inventory or that a file which was listed was not among the returned property.

In any event, plaintiff's present argument of personal involvement by defendant SUTTON is contradicted by his allegations set forth above. Since plaintiff was in the cage at the time, he has no factual basis for his present argument that SUTTON ordered VACIO to confiscate plaintiff's legal work. Further, plaintiff's present contention that the legal work was all the property he had contradicts he earlier allegation that the property form "clearly shown that she was to leave hygiene items a fan and my legal property."

At any rate, plaintiff's newly-made allegations show only a Plaintiff's present attempt to argue personal involvement by SUTTON or to allege anything other than negligence or an unauthorized taking or destruction of his property is not supported by his factual allegations.

Plaintiff states he has suffered an actual injury flowing from the taking or destruction of his legal file, concerning cause no. 5:07-CV-0060, in the United States District Court for the Eastern District of Texas, *Wiley v. Civi Genics Texas Inc*., and has raised the issue in his habeas petition and a level II grievance. The Court notes cause no. 5:07-CV-0060, in the United States District Court for the Eastern District of Texas, *Wiley v. Civi Genics Texas Inc*., is filed as a section 1983 civil rights lawsuit. If plaintiff has not informed that court in a pleading filed in that cause, containing a title alerting that court to plaintiff's contention he cannot prosecute

3

without copies of documents in that court's file and offering to pay for or setting out argument why copies should be provided to plaintiff free of charge, plaintiff has not diligently prosecuted that case and any unfavorable ruling plaintiff suffers will be the result of his own neglect. As plaintiff was informed in the Report and Recommendation, plaintiff cannot lie behind the log, lose his suit, and then claim it was the fault of the present defendants.

Plaintiff's claims against defendant FLANNIGAN were adequately analyzed in the Report and Recommendation. Nevertheless, the Court notes that, by his Objections, plaintiff says he had planned to file a supplemental complaint against FLANNIGAN "upon exhaustion of level II grievance." Thus, plaintiff has informed the Court that he had not exhausted administrative grievances against defendant FLANNIGAN at the time he filed his original complaint.

As to plaintiff's present argument of retaliation, this claim was not set forth in plaintiff's complaint and, further, is conclusory. To state a claim, the inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Conclusory allegations of retaliation are not sufficient; the plaintiff must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Plaintiff has failed to state a claim of retaliation.

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the Objections filed by the plaintiff.

The Court is of the opinion that the objections of the plaintiff should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that this Civil Rights Complaint is DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED AND WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Any pending motions are DENIED.

The Clerk shall send a copy of this Order to plaintiff and to any attorney of record.

IT IS SO ORDERED.

ENTERED this 7th day of November, 2008.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE